## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------------

| | | |
|---|---|---|
| Hamlet GARCIA JR., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **No. 17-cv-4987** |
| | : | |
| TEMPLE UNIVERSITY a Pennsylvania Corporation, TRUSTEES OF TEMPLE UNIVERSITY, CITY OF PHILADELPHIA a Pennsylvania Municipal Corporation OFFICER JOHN DOE I-III, KEVIN MYSLINSKI individually and Officially a Temple Security Police, Robert Iowell individually and Officially, Richard M. Englert individually and Officially as President of Temple University, et al. | : | |
| Defendant. | : | |

## O R D E R

**AND NOW**, this _____ day of _____, 2018, upon

consideration of the Motion to Dismiss of Defendants Temple University – Of The

Commonwealth of Higher Education (incorrectly identified as Temple University a

Pennsylvania Corporation), Kevin Myslinski, Cataldi Brooke, Robert Lowell (incorrectly

identified as Robert Iowell) and Richard Englert ("Defendants Temple University, Myslinski,

Brooke, Lowell, and Englert" or "Defendants"), and any response thereto, it is hereby

**ORDERED** and **DECREED** that Defendants' Motion is GRANTED.   All claims against the

Defendants Temple University, Myslinski, Brooke, Lowell, and Englert are DISMISSED with

prejudice.

**BY THE COURT:**

_____

The Honorable Gerald H. McHugh

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

-------------------------------------------------------------------------

Hamlet GARCIA JR.,

               Plaintiff,

         v.

TEMPLE UNIVERSITY a Pennsylvania
Corporation, TRUSTEES OF TEMPLE
UNIVERSITY, CITY OF PHILADELPHIA a
Pennsylvania Municipal Corporation
OFFICER JOHN DOE I-III, KEVIN
MYSLINSKI individually and Officially a
Temple Security Police, Robert Iowell
individually and Officially, Richard M.
Englert individually and Officially as
President of Temple University, et al.

               Defendant.

**No. 17-cv-4987**

**MOTION OF DEFENDANTS, TEMPLE UNIVERSITY – OF THE COMMONWEALTH
OF HIGHER EDUCATION, KEVIN MYSLINSKI, CATALDI BROOKE, ROBERT
LOWELL AND RICHARD ENGLERT
TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, Temple University – Of The Commonwealth of Higher Education
(incorrectly identified as Temple University a Pennsylvania Corporation), Kevin
Myslinski, Cataldi Brooke, Robert Lowell (incorrectly identified as Robert Iowell) and
Richard Englert ("Defendants Temple University, Myslinski, Brooke, Lowell, and Englert"
or "Temple University Defendants"), hereby move this Court, pursuant to Rule 12(b)(6)
of the Federal Rules of Civil Procedure, to dismiss with prejudice all counts against
them.  The bases for this Motion are set forth in the accompanying Memorandum of

1

Law in support thereof.

      **WHEREFORE**, Defendants Temple University, Myslinski, Brooke, Lowell, and

Englert respectfully request that the Court grant their motion to dismiss.


                                      Respectfully submitted,

                                      **TUCKER LAW GROUP, LLC**

Dated: January 12, 2018       /s/ Jessica A. Rickabaugh
                                      Joe H. Tucker, Jr., Esquire (No. 56617)
                                      Jessica A. Rickabaugh, Esquire (No. 200189)
                                      Ten Penn Center
                                      1801 Market Street, Suite 2500
                                      Philadelphia, PA 19103
                                      (215) 875-0609

                                      *Attorneys for Defendants Temple University*
                                      *(incorrectly identified as Temple University a*
                                      *Pennsylvania Corporation), Kevin Myslinski, Cataldi*
                                      *Brooke, Robert Lowell (incorrectly identified as Robert*
                                      *lowell) and Richard Englert*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

-----------------------------------------------------------------------

Hamlet GARCIA JR.,

               Plaintiff,

               v.

TEMPLE UNIVERSITY a Pennsylvania
Corporation, TRUSTEES OF TEMPLE
UNIVERSITY, CITY OF PHILADELPHIA a
Pennsylvania Municipal Corporation
OFFICER JOHN DOE I-III, KEVIN
MYSLINSKI individually and Officially a
Temple Security Police, Robert Iowell
individually and Officially, Richard M.
Englert individually and Officially as
President of Temple University, et al.

               Defendant.

            **No. 17-cv-4987**

-----------------------------------------------------------------------

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS, TEMPLE
UNIVERSITY – OF THE COMMONWEALTH OF HIGHER EDUCATION, KEVIN
MYSLINSKI, CATALDI BROOKE, ROBERT LOWELL AND RICHARD ENGLERT
TO DISMISS PLAINTIFF'S COMPLAINT**

      Defendants, Temple University – Of The Commonwealth of Higher Education

("Temple University") (incorrectly identified as Temple University a Pennsylvania

Corporation), Kevin Myslinski, Cataldi Brooke, Robert Lowell (incorrectly identified as

Robert Iowell) and Richard Englert ("Defendants Temple University, Myslinski, Brooke,

Lowell, and Englert" or "Temple University Defendants"),[1] respectfully submit this

---

[1] Defendants are not making a Motion to Dismiss on behalf of the "Trustees of Temple
University," as no such entity exists.

1

memorandum of law in support of their Motion to Dismiss Plaintiff's Complaint pursuant

to Federal Rule of Civil Procedure 12(b)(6).

## I.   <u>INTRODUCTION</u>

Plaintiff Hamlet Garcia, Jr., filed this Complaint alleging claims against the

Temple University Defendants and the City of Philadelphia based on the confiscation of

a "BB gun."  The particular legal theories Plaintiff is advancing in his Complaint are

nonsensical and unclear.  To the extent that any of the causes of action in Plaintiff's

Complaint have been asserted against Defendants Temple University, Myslinski,

Brooke, Lowell, and Englert, these claims should be dismissed for the reasons set forth

below.

## II.   <u>FACTS</u>

Plaintiff filed this lawsuit on November 15, 2017.  Complaint, Garcia v. Temple

Univ., et al., No. 17-cv-4987.  While the Complaint includes titles for 24 "claims for relief"

over 46 single-spaced pages, the Complaint does not state whether each of these

claims have been asserted against Defendants Temple University, Myslinski, Brooke,

Lowell, and Englert.[2]

The Complaint makes multiple conclusory allegations that the Temple University

Defendants violated Plaintiff's constitutional rights.  Plaintiff claims that on April 16, 2017

"Officers of Temple University ('TUPD') and Officers employed by the City of

Philadelphia ('COP'), John Doe I-II and Sargent [sic] Richard Roe, through the

Philadelphia Police Department ('PPD')" subjected him to "harassment", "property

damage", and an illegal stop and arrest.  Complaint, at pg. 1.  Plaintiff's Complaint

---

[2] Plaintiff's "Monell Policy Claim" (Nineteenth Claim for Relief) appears to be asserted only
against the City of Philadelphia Defendants.

alleges that the improper conduct began when "two unidentified" officers accused him of being in possession of a firearm.  Id. at 6.  Plaintiff claims he was then frisked and placed in handcuffs.  Id. at 7.  Next, Plaintiff alleges that "policeman recovered a BB gun," issued him a citation, and released him.  Id.

Plaintiff claims that a case related to the incident was later "withdrawn."  Id.  He claims that he attempted to recover his BB gun, but was told it had been destroyed.  Id. at pg. 8.

## III.   ARGUMENT

### A.   Plaintiff's Complaint Fails to Satisfy Federal Pleading Standards.

A complaint should be dismissed where it fails to state a claim upon which relief can be granted. Fed.R.C.P. 12(b)(6).  To survive a motion to dismiss, a plaintiff must plead factual allegations that, taken as true, form a plausible basis for recovery on the claim in question.  Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  In Twombly, the Supreme Court emphasized:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the "grounds" of  his entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

Twombly, 550 U.S. at 555, quoting Papasan v. Allain, 478 U.S. 265, 286 (1986) (other citations omitted).  The Third Circuit, interpreting Twombly, instructed that courts considering a motion to dismiss under Rule 12(b)(6) are to accept the factual allegations of the complaint as true; to draw inferences in favor of the plaintiff insofar as such inferences are reasonable; and to determine whether the plaintiff is entitled to relief under a reasonable reading of the complaint's factual allegations.  Phillips v. County of

Allegheny, 515 F.3d 224, 231, 233 (3d Cir. 2008), citing Pinker v. Roche Holdings Ltd.,
292 F.3d 361, 374 n.7 (3d Cir. 2002), In re Rockefeller Ctr. Props. Secs. Litig., 311 F.3d
198, 215-16 (3d Cir. 2002).

It is insufficient for a complaint to set forth a conclusory recitation of the elements
of a cause of action.  Umland v. PLANCO Fin. Servs., 542 F.3d 59, 64 (3d Cir. Pa.
2008), citing Phillips, 515 F.3d at 233.  Courts are not to credit "bald assertions" or "a
legal conclusion couched as a factual allegation."  Morse v. Lower Merion Sch. Dist.,
132 F.3d 902, 906 (3d Cir. 1997); Papasan, 478 U.S. at 286.  Rather, "[t]o survive a
motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,
to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662,
678 (2009), quoting Twombly, 550 U.S. at 570.

Even though the pleading standards in pro se cases are liberal, courts have
dismissed cases for failure to satisfy the requirements of Twombly and Iqbal.  See, e.g.,
Rivera v. Chester Cnty., No. 15-5609, 2017 U.S. Dist. LEXIS 45755, *8 (E.D. Pa. Mar.
28, 2017) (noting "there are limits to our procedural flexibility. . . pro se litigants still must
allege sufficient facts in their complaints to support a claim." (citing Mala v. Crown Bay
Marina, Inc., 704 F.3d 239, 245, 58 V.I. 691 (3d Cir. 2013)); Cohen v. Wagner, No. 13-
cv-674, 2014 U.S. Dist. LEXIS 6426, *9-10 (E.D. Pa. Jan. 16, 2014)(dismissing pro se
plaintiff's claims for failure to state a claim upon which relief may be granted); Yoder v.
Wells Fargo Bank, N.A., No. 13-cv-1377, 2013 U.S. Dist LEXIS 146545, *8 (E.D. Pa.
Oct. 9, 2013), aff'd 566 F. App'x 138 (3d Cir. 2014) (per curiam) (granting motion to
dismiss where pro se "Plaintiffs have failed to allege any facts which state a plausible
claim to relief").

Here, Plaintiff fails to state a claim for relief that is plausible on its face.  Plaintiff makes "bald assertions" that the Temple University Defendants violated federal and state laws because they confiscated his BB gun.  Plaintiff's Complaint fails to lay out the necessary elements of the causes of action he asserts.  To the extent Plaintiff has laid out the essential elements of a legal claim, he has failed to allege sufficient facts to support a claim to relief.  Therefore, Plaintiff's Complaint should be dismissed with prejudice.

**B.     The Temple University Defendants Cannot Be Liable Under 42 U.S.C. § 1983.**

Plaintiff asserts a variety of claims under 42 U.S.C. § 1983 against Defendant Temple University and also against Defendants Myslinski, Brooke, Lowell, and Englert in their official and individual capacities as Temple University police officers. See Complaint, at First, Second, Third, Eighth, Eleventh, Thirteenth, Sixteenth, Seventeenth, Eighteenth, and Nineteenth Claims for Relief.  Plaintiff's claims should be dismissed.

*1.   The Claims Against Defendant Temple University Fail.*

Municipal defendants, as Defendant Temple University is casted here, cannot be held liable for alleged constitutional violations in the absence of an official policy or custom that caused the alleged violations to occur.  Monell v. Dept. of Social Services of City of New York, 436 U.S. 658 (1978) (municipality cannot be held liable under § 1983 on a *respondeat superior* theory in the absence of an official government policy or custom); Franks v. Temple University, No. 11-879, 2011 U.S. Dist. LEXIS 44712 (E.D. Pa. April 25, 2011) (granting Temple University's motion to dismiss in a § 1983 action based upon actions of individual Temple police officers).  A municipal "policy" or

"custom" will be found only if the municipality's practices are "so permanent and well settled as to virtually constitute law."  Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996).  Additionally, even if a wrongful municipal "policy" or "custom" exists, the plaintiff must prove that the policy or custom was the "moving force" behind his injuries.  Bryan County v. Brown, 520 U.S. 397, 404 (1997).

In Monell, the Supreme Court held that a municipality cannot be liable under § 1983 merely because an injury was inflicted by its employees or agents.  Monell, 436 U.S. at 691, 694.  The Supreme Court required more than employing the alleged tortfeasor:

> Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort.  In particular, we conclude that a municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.
>
> We conclude, therefore, that a local government may not be sued under § 1983 for an injury solely inflicted by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

Id. (emphasis in original).

Here, Plaintiff's Complaint lacks any allegation suggesting the kind of policy or custom required to establish liability for a municipal entity under § 1983.  The Complaint only contains vague allegations that Defendant Temple University failed to "properly train, supervise, and discipline its officers."  Complaint, at pg. 10.  These threadbare allegations do not satisfy the requirements of Monell that Plaintiff must allege injuries inflicted as a result of an official policy or custom.  436 U.S. 694.

Furthermore, nowhere in the Complaint does Plaintiff allege facts that

policymakers within Temple University were aware of similar constitutional violations in the past or that similar violations had even occurred in the past.  See Young v. Temple Univ. Campus Safety Servs., No. 15-2892, 2015 U.S. Dist. LEXIS 145948 (E.D. Pa. Oct. 28, 2015) (dismissing Complaint that did "not include any allegations of fact describing the relevant policies or customs of Temple University, how those policies or customs caused [plaintiff's] constitutional injury, or what other instances of police misconduct put Temple University policymakers on notice of previous constitutional violations"); Sacko v. University of Pennsylvania, No. 14-831, 2014 U.S. Dist. LEXIS 77080, at *12 (E.D. Pa. June 6, 2014) ("To state a Monell claim, a complaint must allege facts showing policymakers were aware of similar constitutional violations in the past, or that it was blatantly obvious constitutional violations would result absent such training. The complaint must also allege that despite this knowledge or obviousness, policymakers failed to take precautions against future violations.") (internal citations omitted).

Of equal importance is the lack of factual allegations to support Defendant Temple University's alleged failings (*e.g.* lack of training, supervision, or discipline). Plaintiff's conclusory allegations are insufficient to subject Defendant Temple University to liability under § 1983.  Monell, 436 U.S. 658; see also Twombly, 550 U.S. at 555 (requiring complaint to contain "more than labels and conclusions"), Iqbal, 556 U.S. at 678 (same).   Accordingly, Plaintiff's claims against Defendant Temple University must be dismissed because Plaintiff cannot establish a cause of action based exclusively on the actions of University police officers.  See e.g., Marcavage v. Bd. of Trs., 2004 U.S. Dist. LEXIS 9471 (E.D. Pa. May 21, 2004), aff'd 232 Fed. Appx. 79 (3d Cir. Pa. 2007)

(granting summary judgment in favor of Temple University where the plaintiff offered no evidence of a policy or custom of unconstitutional abuse in a § 1983 action).

### 2. The Claims Against Defendants Myslinski, Brooke, Lowell, and Englert Fail.

Plaintiff's § 1983 claims against Defendants Myslinski, Brooke, Lowell, and Englert in their official capacities fail as a matter of law.  When claims are asserted against an individual in his or her official capacity, the real party in interest is the governmental entity rather than the individual official.  Hafer v. Melo, 502 U.S. 21, 25 (1991).  Because Plaintiff cannot hold Defendant Temple University vicariously liable for the acts of their employees, the official capacity claims against Defendants Myslinski, Brooke, Lowell, and Englert must be dismissed.

Plaintiff's claims against Defendants Myslinski, Brooke, Lowell, and Englert in their individual capacities also fail because the Complaint does not delineate the individual versus official capacity claims against them.  Bartol v. Barrowclough, 251 F.Supp. 3d 855, 860 (E.D. Pa. May 3, 2017)(dismissing complaint asserting § 1983 claims where it was "unclear whether certain claims are brought against certain Defendants in their individual or official capacities"); see also Iqbal, 556 U.S. at 678 (explaining "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting Twombly, 550 U.S. at 570).

Because Plaintiff fails to plead sufficient facts which would entitle him to relief against the Temple University Defendants, the Court should dismiss Plaintiff's claims to the extent they rely on 42 U.S.C. § 1983 (including the First, Second, Third, Eighth, Eleventh, Thirteenth, Sixteenth, Seventeenth, Eighteenth, and Nineteenth Claims for Relief).

C.    **The Remainder of Plaintiff's Claims Should Be Dismissed Because There Are Insufficient Facts and Legal Theories Pled To Support Them.**

Federal Rule of Civil Procedure 8(a) requires that a plaintiff present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  To the extent that Plaintiff's Complaint asserts claims other than under 42 U.S.C. § 1983 against the Temple University Defendants, they fall well short of meeting Rule 8(a)(2) and should be dismissed.  See Bartol v. Barrowclough, 251 F.Supp. 3d 855, 860 (E.D. Pa. May 3, 2017) (dismissing Complaint where "[n]ot only is it unclear which of the thirteen causes of action in Plaintiff's fifty-four-page complaint pertain to which Defendants, but it is also unclear whether certain claims are brought against certain Defendants in their individual or official capacities"); Cohen v. Wagner, No. 13-cv-674, 2014 U.S. Dist. LEXIS 6426, *9-10 (E.D. Pa. Jan. 16, 2014)("Dismissal pursuant to Rule 8 has been found warranted where a complaint is rambling, unclear and/or unwieldy") (citing cases); Yoder v. Wells Fargo Bank, N.A., No. 13-cv-1377, 2013 U.S. Dist LEXIS 146545, *8-9 (E.D. Pa. Oct. 9, 2013), aff'd 566 F. App'x 138 (3d Cir. 2014) (per curiam) (granting motion to dismiss complaint that was "incoherent and unintelligible").

Not only has Plaintiff failed to allege sufficient facts to support his claims, Plaintiff has failed to allege the essential legal elements of many of his claims:  Fourth Claim (42 U.S.C. § 1985[3]), Fifth Claim (42 U.S.C. § 1981[4]), Seventh Claim (42 U.S.C. § 1982[5]),

---

[3] To make out a claim under 42 U.S.C. § 1985, a plaintiff must establish:

> (1) A conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the

Tenth Claim (breach of contract[6]), Twelfth Claim (negligent hiring and retention[7]),

---

> conspiracy; (4) whereby a person is either injured in his person
> or property or deprived of any right or privilege of a citizen of
> the United States.

United Bhd. of Carpenters & Joiners Local 610 v. Scott, 463 U.S. 825, 828-29, 103 S. Ct. 3352, 77 L. Ed. 2d 1049 (1983).

Plaintiff does not specifically identify who conspired to violate his rights, whether they were Temple University or City of Philadelphia Defendants, and what particular actions those unnamed individuals took.  Plaintiff only makes conclusory and speculative statements that his "Constitutional rights" were violated, without specifically identifying what rights were violated.

[4] The elements of a 42 U.S.C. § 1981 claim are: "(1) plaintiffs are members of a racial minority; (2) defendants' intent to discriminate on the basis of race; and (3) discrimination concerning one of the statute's enumerated activities."  Cedeno v. Wal-Mart Stores. Inc., No. 98-cv-479, 1999 U.S. Dist. LEXIS 18851, *6 (E.D. Pa. 1999).  Plaintiff has not pled these elements or the facts to support them.

[5] The elements of a claim under § 1982 are (1) defendant's racial animus; (2) intentional discrimination; and (3) deprivation of plaintiff's property right based upon race.  Lemon v. MTS, Inc., No. 2730, 2001 U.S. Dist. LEXIS 11013, at *5 (E.D. Pa., June 29, 2001) (citing Brown v. Philip Morris, Inc., 250 F.3d 789 (3d Cir. 2001)).  Plaintiff has not pled these elements or the facts to support them.

[6] A breach of contract claim under Pennsylvania law requires: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages."  Omicron Systems, Inc. v. Weiner, 2004 Pa. Super. 389, 860 A.2d 554, 564 (Pa. Super. 2004) (internal citations omitted).  Plaintiff has not pled these elements or the facts to support them.

[7] A complaint asserting a claim for employer liability for negligent hiring or supervision must allege "the four elements of common law negligence, i.e., duty, breach, causation, and damages."  Belmont v. MB Inv. Partners, Inc., 708 F.3d 470, 488 (3d Cir. 2013) (citing Brezenski v. World Truck Transfer, Inc., 2000 Pa. Super. 175, 755 A.2d 36, 42 (Pa. Super. Ct. 2000)). The claim is "specifically predicated on two duties of an employer: the duty to reasonably monitor and control the activities of an employee, and the duty to abstain from hiring an employee and placing that employee in a situation where the employee will harm a third party." Id. (citing Hutchison by Hutchison v. Luddy, 560 Pa. 51, 742 A.2d 1052, 1059-60 (Pa. 1999)). A complaint must also allege facts that would establish that the employer "'knew or should have known of the necessity for exercising control of its employee.'" Id. at 491 (quoting Devon IT, Inc. v. IBM Corp., 805 F. Supp. 2d 110, 132 (E.D. Pa. 2011))). Therefore a complaint must allege that the employer knew, "or, in the exercise of appropriate care, should have known that an employee had a propensity to engage in conduct for which the employee could be held

10

Fourteenth Claim (nuisance[8]), Fifteenth Claim (intentional infliction of emotional

distress[9]), and Twenty-First Claim (gross negligence/negligence[10]). And it is unclear

what legal theory supports other claims:  "Violation of Title 18 Chapter 53 § 5301 Official

oppression" (Sixth Claim), "Violations of Title 18 § 4910 Tampering with or fabricating

---

liable."  McClain v. RBS Citizen's Bank, N.A., 57 F. Supp. 3d 438, 442 (E.D. Pa. 2014) (citing
Keffer v. Bob Nolan's Auto Serv., Inc., 2012 Pa. Super. 255, 59 A.3d 621, 662 (Pa. Super. Ct.
2012)).  Here, Plaintiff has not pled these elements or the facts to support them.


[8] The Pennsylvania Supreme Court has adopted Section 822 of the Restatement (Second) of
Torts for determining the existence of a private nuisance. This Section provides that:

> One is subject to liability for a private nuisance if, but only if, his
> conduct is a legal cause of an invasion of another's interest in the
> private use and enjoyment of land, and the invasion is either (a)
> intentional and unreasonable, or (b) unintentional and otherwise
> actionable under the rules controlling liability for negligent or
> reckless conduct, or for abnormally dangerous conditions or
> activities.

Kembel v. Schlegel, 329 Pa. Super. 159, 478 A.2d 11, 14-15 (Pa. Super. Ct. 1984) (quoting
Restatement (Second) of Torts § 822).  Plaintiff has not pled these elements or the facts to
support them.

The Restatement further provides that "[t]here is liability for a nuisance only to those to whom it
causes significant harm, of a kind that would be suffered by a normal person in the community
or by property in normal condition and used for a normal purpose."  Id. at 15.  Invasions are
"significant" if "normal persons living in the community would regard the invasion in question as
definitely offensive, seriously annoying or intolerable."  Id.


[9] The elements of intentional infliction of emotional distress are: (1) "extreme and outrageous"
conduct; (2) done intentionally or recklessly; and (3) causing severe emotional distress.  See
Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 85 (3d Cir. 1987).  Plaintiff has not pled these
elements or the facts to support them.


[10] Pennsylvania law requires a plaintiff to establish the following elements in support of a
negligence claim: "(1) a duty or obligation recognized by the law, requiring the actor to conform
to a certain standard of conduct; (2) a failure to conform to the standard required; (3) a causal
connection between the conduct and the resulting injury; and (4) actual loss or damage resulting
to the interests of another."  Kleinknecht v. Gettysburg College, 989 F.2d 1360, 1366 (3d Cir.
1993) (citing Morena v. South Hills Health Sys., 501 Pa. 634, 462 A.2d 680, 684 n.5 (Pa.
1983)).  Plaintiff has not pled these elements or the facts to support them.

physical evidence" (Ninth Claim), municipal and supervisory liability (Twentieth Claim), pendent claim of prima facia tort (Twenty-Second Claim), constitutional tort[11] (Twenty-Third Claim), and respondeat superior (Twenty-Fourth Claim).

These aforementioned claims in the Complaint do not place the Temple University Defendants on notice of the claims against them to allow an appropriate response and, therefore, they should be dismissed.  See 28 U.S.C. § 1915(e)(2)(B)(ii) (stating, for *in forma pauperis* proceedings, "the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

**D.  Leave to Amend Should Not Be Granted Where Amendment Would Be Futile.**

To the extent that this Court finds Plaintiff could not state plausible claims for relief based on the confiscation of a BB gun, Plaintiff should not be granted leave to amend his Complaint.  See, e.g., Rivera v. Chester Cnty., No. 15-5609, 2017 U.S. Dist. LEXIS 45755, *8 (E.D. Pa. Mar. 28, 2017)(refusing to grant pro se plaintiff leave to amend upon granting motion to dismiss); Yoder , No. 13-cv-1377, 2013 U.S. Dist LEXIS 146545, *8 ("While pro se plaintiffs should be afforded an opportunity to amend their complaint before the complaint is dismissed with prejudice, I believe granting plaintiffs leave to amend would be futile.").

**III.      CONCLUSION**

For the reasons set forth above, the Temple University Defendants respectfully

---

[11] Plaintiff's claim appears based on the Pennsylvania Constitution.  But "[n]o Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution."  Torres v. Allentown Police Dep't, No. 13-3066, 2014 U.S. Dist. LEXIS 114907, at 27-28 n.16 (E.D. Pa. Aug. 18, 2014) (citing Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist., 442 F. App'x 681, 687 (3d Cir. 2011).

request that the Court dismiss with prejudice all claims in the Complaint against them

for failure to state a claim upon which relief may be granted.

                              Respectfully submitted,

                              **TUCKER LAW GROUP, LLC**

Dated: January 12, 2018       By: /s/ Jessica A. Rickabaugh
                              Joe H. Tucker, Jr., Esquire (No. 56617)
                              Jessica A. Rickabaugh, Esquire (No. 200189)
                              Ten Penn Center
                              1801 Market Street, Suite 2500
                              Philadelphia, PA 19103
                              (215) 875-0609

                              *Attorneys for Defendants Temple University
                              (incorrectly identified as Temple University a
                              Pennsylvania Corporation), Kevin Myslinski, Cataldi
                              Brooke, Robert Lowell (incorrectly identified as Robert
                              lowell) and Richard Englert*

## <u>CERTIFICATE OF SERVICE</u>

I, Jessica A. Rickabaugh, hereby certify that a copy of the foregoing Defendants',

Temple University – Of the Commonwealth of Higher Education, Kevin Myslinski,

Cataldi Brooke, Robert Lowell, and Richard Englert, Motion to Dismiss Plaintiff's

Complaint and accompanying Memorandum of Law was filed through the Court's ECF

system on January 12, 2018, and available to all attorneys of record.  The filing was

also served via first-class mail as follows:

Hamlet Garcia, Jr.
206 E. Albanus Street, 1st Floor
Philadelphia, PA 19120
*Pro Se*

<u>/s/ Jessica A. Rickabaugh</u>
Jessica A. Rickabaugh