IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAMLET GARCIA, JR., : | |
|           Plaintiff, : | |
| : | CIVIL ACTION |
|     v. : | No. 17-4987 |
| : | |
| TEMPLE UNIVERSITY, et al., : | |
|           Defendants. : | |

McHUGH, J.                                                                                                                                                                                                                             JULY 21, 2020

## **MEMORANDUM**

       Plaintiff Hamlet Garcia, Jr., who is proceeding *pro se*, has brought numerous claims under federal and state law against Temple University, the City of Philadelphia, and both entities' officers.  Although difficult to parse, Plaintiff's initial Complaint appeared to allege that his rights were violated based on the unlawful confiscation of a BB gun when stopped and searched by officers on April 16, 2017, near Temple's campus.  Complaint at 1-9, ECF 3.  Plaintiff failed to plead facts to support essential elements of his claims, and Defendants accordingly moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECFs 12, 13.  I granted Defendants' motions to dismiss in a subsequent Order without prejudice, providing Plaintiff leave to amend his Complaint to cure its deficiencies.  ECF 15.

       Plaintiff has subsequently filed two "statements" with the Court, neither of which respond to the inadequacies mentioned in the Order.  ECFs 16, 20.  They are in fact inscrutable and unintelligible documents, with Plaintiff averring that he stands "before this court as an idiot of legalese" and that he refuses to "surrender my case to act under the FEDERAL RULES OF

CIVIL PROCEDURE." ECF 16 at 1-2.[1]  In response to these statements, Defendants have jointly filed a renewed Motion to Dismiss.  ECF 22.  Because Plaintiff has failed to address the shortcomings of his initial Complaint and therefore still fails to state any claims upon which relief can be granted, I will grant Defendants' motion for the same reasons provided in my earlier Order.

I additionally observe that Plaintiff's subsequent pleadings fail to conform with Federal Rule of Civil Procedure 8(a)(2)'s requirement that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Garrett v. Wexford Health*, 938 F.3d 69 (3d Cir. 2019), the Court of Appeals explained that Rule 8 imposes "minimal burdens on the plaintiff at the pleading stage."  *Id.* at 92 (quoting *Frazier v. Southeastern Pennsylvania Transp. Authority*, 785 F.2d 65, 67 (3d Cir. 1986)).  "This already liberal standard is 'even more pronounced' where a plaintiff files the complaint without the assistance of counsel," as is the case here.  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).  Nonetheless, the Court went on to note that "the sufficiency of a complaint must be determined on a case-by-case basis," and that "circumstances surrounding the particular pleading, including the nature of the action, the sort of relief being sought, the availability of information, and other practical considerations must guide the inquiry into whether the litigant's statement of his claim qualifies as 'short and plain.'"  *Id.* at 93 (quoting *Frazier*, 785 F.2d at 68).

Plaintiff's subsequent pleadings cannot be characterized as "plain," and practical considerations counsel against allowing this matter to continue.  Neither of Plaintiff's "statements" are even titled as Amended Complaints, and as stated previously, Plaintiff appears

---

[1] Most recently, Plaintiff has filed a "Notice of Removal," coupled with various documents, including a "Writ of Error," and purports to enter an order voiding documents in "dog Latin" or any other "debased language."  ECF 23.

to reject the very authority of the Court to dismiss his initial Complaint based on his purported lack of background in "legalese."  Plaintiff further seems to operate under the assumption that he is the one presiding over this current matter, making liberal references to the "*Garcia Court*" and delivering notice of various nonsensical statements.  *See* ECF 16.  Indeed, this case presents a "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," and is thus appropriate for dismissal.  *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).  It bears mention that Plaintiff is no stranger to this Court, and I have previously dismissed actions he has brought as frivolous and malicious.  Memorandum Opinion at 5, *Garcia v. State of Pennsylvania*, No. 2:17-cv-05325, ECF 2.

The Third Circuit has held that dismissal of a complaint "without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility," and that these "principles apply equally to *pro se* plaintiffs and those represented by experienced counsel." *Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004) (citing *Shane v. Fauver*, 213 F.3d 113, 115-16 (3d Cir. 2000)).  While I am mindful of these principles, granting Plaintiff further leave to amend would be futile here, as he has taken no affirmative steps whatsoever to cure the problems identified with his Complaint in my previous Order.  Other courts have refused to grant plaintiffs leave to amend their complaints after failing to follow their instructions in correcting deficiencies.  *See, e.g.*, *Yoder v. Wells Fargo Bank, N.A.*, 2013 WL 5574421, at *3 (E.D. Pa. Oct. 9, 2013), *aff'd*, 566 Fed. Appx. 138 (3d Cir. 2014); *Rhett v. New Jersey State Superior Court*, 2007 WL 1791264, at *5 (D.N.J. June 19, 2007), *aff'd*, 260 Fed. Appx. 513 (3d Cir. 2008).

For the reasons set forth above, Defendants' Motion to Dismiss will be **GRANTED**. An appropriate Order follows.

        /s/ Gerald Austin McHugh
Gerald Austin McHugh
United States District Judge